## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| MARLYN KARINA JUAREZ REYES, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. 4:26-cv-2682 |
| RANDY TATE, *et al.*, | § § § | |
| Respondents. | § § | |

### MEMORANDUM AND RECOMMENDATION

Pending before the Court[1] is Petitioner Marlyn Karina Juarez Reyes's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") (ECF No. 1). Respondents have filed an Advisory informing the Court that Petitioner was removed from the United States. (ECF No. 8). Having reviewed the Petition, Respondents' Advisory, and the applicable law, the Court **RECOMMENDS** that this action be **DISMISSED AS MOOT**.

### I.   Background

Petitioner, represented by counsel, filed this habeas action on April 3, 2026, challenging her immigration detention while in custody at the Montgomery Processing Center in Conroe, Texas. (ECF No. 1). On April 8,

---

[1] This case was referred to the Undersigned for all purposes pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72. (ECF No. 4).

2026, the Court entered an Order to Answer requiring a response and directing Respondents to provide advance notice of any transfer outside this District. (ECF No. 6). Petitioner subsequently filed an Amended Petition. (ECF No. 7). In neither petition did Petitioner state there was an outstanding *in absentia* removal order pending against her.

On April 28, 2026, Respondents filed an Advisory informing the Court that Petitioner was removed from the United States to Guatemala on April 17, 2026, pursuant to a final removal order  (ECF No. 8).  Respondents acknowledge that this removal occurred without the five-day advance notice required by the Court's Order. (*Id.*).

## II.    Discussion

Article III of the Constitution limits federal courts to the adjudication of live cases or controversies. When a petitioner is no longer in custody and the Court can no longer grant effective relief, a habeas petition becomes moot. *See Ortez v. Chandler*, 845 F.2d 573, 575 (5th Cir. 1988) (holding that a habeas petition becomes moot when the habeas relief requested "can no longer be effected"). Petitioner challenged only the legality of her detention. Because she has now been removed from the United States, she is no longer in the custody of Respondents, and the Court cannot grant the requested relief. Accordingly, this action is moot and should be dismissed on that basis.

Even if this case were not moot, the Court lacked jurisdiction over Petitioner's claims to the extent they implicate the execution of a final order of removal. The record reflects that an Immigration Judge ordered Petitioner removed to Guatemala *in absentia* on July 23, 2019, and that the order became administratively final when Petitioner did not appeal or seek reopening. (*See* ECF No. 8-1 ¶¶ 5–7; ECF No. 8-2).

Federal district courts do not have jurisdiction under 28 U.S.C. § 2241 to review or interfere with the execution of a final order of removal; such challenges fall within the exclusive jurisdiction of the courts of appeals. *See Benitez-Garay v. Dep't of Homeland Sec.*, No. 18-cv-422, 2019 WL 542035, at *3 (W.D. Tex. Feb. 8, 2019) ("Thus, the [REAL-ID] Act strips the district courts of jurisdiction to review general removal orders, via a petition for habeas corpus, leaving review of such orders to the courts of appeals."). Accordingly, the Court lacked jurisdiction to grant relief that would interfere with Petitioner's removal.[2]

To the extent Petitioner challenges the duration of her detention, she is not entitled to relief under *Zadvydas v. Davis*, 533 U.S. 678 (2001). The record reflects that Petitioner was detained for approximately one month before her

---

[2] Even if Petitioner did not have a final order of removal, she would not be entitled to habeas relief or a bond hearing under controlling Fifth Circuit authority. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

removal.  This period falls well within the presumptively reasonable time to effect removal, and there is no indication that her detention was indefinite or otherwise unconstitutional.

The Court is compelled to address Respondents' failure to comply with the Order to Answer (ECF No. 6).  The Court expressly required that Respondents provide at least five days' advance notice of any planned transfer of Petitioner outside this District.  (*Id.* at 2).  Despite this clear directive, Petitioner was removed from the United States without any prior notice to the Court.  Although Respondents represent that this failure resulted from a breakdown in communication and was not intentional (ECF No. 8 at 1), such an explanation does not excuse noncompliance.  The Government is expected to take all necessary steps to ensure that court-ordered obligations are timely communicated and followed by all pertinent agencies and personnel.  Failure to comply with court orders, particularly in the context of habeas proceedings where timing and custody status are critical, undermines the Court's ability to manage its docket and provide meaningful judicial review.  Respondents are therefore **ADMONISHED** to ensure strict compliance with all future court orders.

## III.   Conclusion

Based on the foregoing, the Court **RECOMMENDS** that this action be **DISMISSED AS MOOT**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

**SIGNED** in Houston, Texas on May 5, 2026.

Richard W. Bennett
United States Magistrate Judge

5